UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
UNITED STATES OF AMERICA,

    -against-

EDWARD MORRIS WEAVER, a/k/a Ned,
LAWRENCE A. KAPLAN, SCOTT M. DOUMAS,
MARK BENOWITZ, RICHARD R. GOLDBERG,
RICHARD LINICK, PAUL E. RAIA, HOWARD S.
STRAUSS, and WALLACE W. DIRENZO, a/k/a Wally,
JAMES P. ELLIS, a/k/a Max Braddock, a/k/a Patrick
Cosgrove, a/k/a Todd Parker,

    Defendants.
----------------------------------------------------------X

**ORDER**
13-CR-120 (SJF)(AKT)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT EDNY
★ JAN 1 0 2014 ★
LONG ISLAND OFFICE

FEUERSTEIN, J.:

The twelve (12) count superseding indictment, filed May 1, 2013 ("Indictment"), charges defendants with various crimes in connection with their activities at Vendstar, a company that sold vending machine business opportunities. [Docket Entry No. 39]. The charges include conspiracy to commit mail and wire fraud in violation of 18 U.S.C. § 371, and substantive mail and wire fraud in violation of 18 U.S.C. §§ 1341 and 1343.

Now before the Court are two motions to dismiss made by defendants.[1] Defendants move to dismiss Counts Two through Ten – the substantive mail and wire fraud counts – for failure to state an offense. Motion to Dismiss Counts Two through Ten for Failure to State an Offense ("Mot. to Dismiss I") [Docket Entry No. 85]. Defendants also move to dismiss Counts Two through Twelve as duplicitous. Motion to Dismiss Counts Two through Twelve for Duplicity ("Mot. to Dismiss II") [Docket Entry No. 86]. For the reasons set forth below, defendants' motions are denied.

---

[1] Defendant Weaver filed the motions to dismiss. Defendants Benowitz, Kaplan, Doumas, Goldberg, and Strauss have joined Weaver's motions. [Docket Entry Nos. 94, 113].

I.   Background

The Indictment includes twelve (12) counts, charging defendants with various crimes in connection with their activities at Vendstar. Count One charges defendants with conspiracy to commit mail and wire fraud in violation of 18 U.S.C. § 371. Indictment at 24-30. Count Two charges certain defendants with substantive mail fraud in violation of 18 U.S.C. § 1341. *Id.* at 30-31. Counts Three through Ten charge certain defendants with substantive wire fraud in violation of 18 U.S.C. § 1343. *Id.* at 31-33. Defendants Weaver, Benowitz, Kaplan, Doumas, Goldberg, and Strauss are all charged with at least one (1) count of substantive fraud. Count Eleven charges Weaver, and Count Twelve charges Kaplan, with making a false statement in violation of 18 U.S.C. § 1001. *Id.* at 33-35. Each count of the Indictment incorporates the allegations contained in paragraphs one (1) through fifty-nine (59), including the general description of the fraudulent scheme in paragraphs eight (8) through twenty-five (25), and its victims in paragraphs twenty-six (26) through fifty-nine (59).

II.   Discussion

A. Motion to Dismiss for Failure to State an Offense

Rule 7(c)(1) of the Federal Rules of Criminal Procedure provides that an indictment "must be a plain, concise and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). "An indictment is sufficient if it 'first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.'"[2] *United States v. Stringer*, 730 F.3d 120, 124 (2d Cir. 2013) (quoting *Hamling v. United States*, 418 U.S. 87, 117, 94 S.Ct. 2997, 41 L.Ed.2d 590 (1974)); *see*

---

[2]   Defendants make no argument that any count in the Indictment should be dismissed on double jeopardy grounds.

2

*also United States v. De La Pava*, 268 F.3d 157, 162 (2d Cir. 2001); *United States v. Coffey*, 361 F. Supp. 2d 102, 111 (E.D.N.Y. 2005).

Counts Two through Ten of the Indictment satisfy the standard set forth in Rule 7(c)(1). The Indictment "contains the elements of the offense charged." *Stringer*, 730 F.3d at 124. The "mail fraud and the wire fraud statutes use the same relevant language," and thus, are analyzed in a similar manner. *United States v. Shellef*, 507 F.3d 82, 107 (2d Cir. 2007) (quoting *United States v. Schwartz*, 924 F.2d 410, 421 (2d Cir. 1991)). The essential elements of a mail or wire fraud violation are: "(1) a scheme to defraud, (2) money or property as the object of the scheme, and (3) use of the mails or wires to further the scheme." *United States v. Litwok*, 678 F.3d 208, 213 (2d Cir. 2012) (quotation marks and citation omitted).

Counts Two through Ten allege the three (3) elements of mail and wire fraud. The Indictment states that the defendants "did knowingly and intentionally devise a scheme and artifice to defraud Vendstar customers, and to obtain money and property from them by means of materially false and fraudulent pretenses, representations, and promises." Indictment ¶ 64 (Count Two, mail fraud); *id.* ¶ 66 (same language in Counts Three through Ten, wire fraud). This satisfies the first two elements of mail and wire fraud. With respect to the last element, Count Two alleges that "for the purpose of executing" the fraudulent scheme, defendants "cause[d] [the Vendstar promotional sales packet] to be delivered by commercial interstate carrier." *Id.* ¶ 64. Counts Three through Ten specifically identify the date and description of telephone calls made "for the purpose of executing" the fraudulent scheme. *Id.* ¶ 66.

Defendants claim that "[n]othing is said in Counts 2-10" as to what materially false statements "were made, who made them, or when they were made." Mot. to Dismiss I at 5. However, this completely ignores the Indictment's fifteen (15) page description of the fraudulent

scheme, which is incorporated by each individual count of the Indictment. Indictment ¶¶ 8-25. The description includes a section entitled "Materially False Statements," specifically identifying eleven (11) materially false statements allegedly made by sales representatives to consumers. *Id.* at 14-15. The description also includes an "Omission/Concealment of Material Facts" section that identifies ten (10) material facts allegedly omitted or concealed by defendants. *Id.* at 15-17. The Indictment also includes a description of the role each defendant played in the scheme. *Id.* ¶¶ 1-7.

Defendants contend that "[b]ecause the false statement itself is the 'very core of criminality,' the indictment must identify the false statement with sufficient particularity." Mot. to Dismiss I at 3. While the indictment must give a defendant "sufficient notice of the 'core of criminality' to be proven against him," *United States v. Pagan*, 721 F.2d 24, 27 (2d Cir. 1983), the 'core of criminality' "involves the essence of a crime, in general terms" and not "the particulars of how a defendant effected the crime." *United States v. D'Amelio*, 683 F.3d 412, 418 (2d Cir. 2012); *United States v. Vilar*, 729 F.3d 62, 90 (2d Cir. 2013) (core of criminality in wire fraud case is "knowingly making false statements") (quotation marks and citation omitted). "[T]he indictment does not have to specify evidence or details of how the offense was committed." *Coffey*, 361 F.2d at 111. "Where the charges in an indictment have stated the elements of the offense and provided even minimal protection against double jeopardy, the court has repeatedly refused, in the absence of any showing of prejudice, to dismiss . . . charges for lack of specificity." *Stringer*, 730 F.3d at 124 (internal quotation marks and citation omitted). Counts Two through Ten of the Indictment adequately "inform[] [the] defendant[s] of the charge[s] against which [they] must defend," *Stringer*, 730 F.3d at 12, and give sufficient notice

of the essence of the fraud. Accordingly, defendants' motion to dismiss Counts Two through Ten for failure to state an offense is denied.

B. Motion to Dismiss Counts Two through Twelve as Duplicitous

Defendants argue that the Indictment is duplicitous because Counts Two through Twelve "incorporate[s] every paragraph of its conspiracy count into every other count in [the] indictment." Mot. to Dismiss II at 1. Defendants correctly note that each count incorporates the allegations contained in paragraphs one (1) through fifty-nine (59). *Id.* However, defendants then state that "[p]aragraphs 1-59 comprise the entirety of Count 1." *Id.* As the Government notes in its opposition, this is simply incorrect. Opp. to Mot. to Dismiss II at 3-4. Count One consists of paragraphs sixty (60) through sixty-four (64). Counts Two through Twelve only incorporate paragraphs one (1) through fifty-nine (59). Because Counts Two through Twelve do not incorporate paragraphs sixty (60) through sixty-four (64), Count One is *not* "embedded in Counts 2-12." Mot. to Dismiss II at 1. Therefore, Counts Two through Twelve are not duplicitous. Accordingly, defendants' motion to dismiss Counts Two through Twelve as duplicitous is denied.

III. Conclusion

For the foregoing reasons, defendants' motions to dismiss are denied.

**SO ORDERED.**

s/ Sandra J. Feuerstein
---
Sandra J. Feuerstein
United States District Judge

Dated: January 10, 2014
      Central Islip, New York

5